**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED
OCT 22 2018
Clerk, U.S. District and
Bankruptcy Courts

FRANCISCO MONTES, JR.    )
                         )
        Plaintiff,       )
                         )
v.                       )    Civil Action No.: 1:18-cv-02081 (UNA)
                         )
ROC-A-FELLA, et al.,     )
                         )
        Defendants.      )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") [ECF No. 1] and application for leave to proceed *in forma pauperis* ("IFP") [ECF No. 2]. The Court will grant the IFP application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting). Plaintiff has also filed a motion to appoint counsel [ECF No. 3], which will be denied as moot.

Plaintiff, a resident of Washington, D.C., filed his complaint on September 5, 2018. Compl. at caption. Since that time, plaintiff has filed four "amendments" to the original complaint, which seek to join additional defendants to this action. *See* First Amnd. [ECF No. 4]; Sec. Amnd. [ECF No. 5]; Third Amnd. (also including list of attorneys who have denied plaintiff services) [ECF No. 6]; and Fourth Amnd. [ECF No. 7]. Plaintiff has named approximately 113 defendants. *See id.*; *see also* Compl. at caption. These defendants constitute a range of individuals and entities, including, but not limited to: music recording companies, professional sports organizations, health care providers, movie studios, schools, vehicle repair shops, Walmart, Facebook, and federal agencies. *See id.*

1

Plaintiff alleges that defendants violated his privacy. Compl. at 1. He posits that defendants "orchestrat[ed] a film" without his consent. As a result, he has suffered damage to his "mind, body, and emotional state." *Id.* Plaintiff also alleges that defendants committed "other infractions" that he admits "are undetermined due to not completely seeing, knowing, and properly having documented what really happen[ed] through this whole time frame." *Id.* He believes that defendants have been perpetuating these unknown "infractions" against him possibly "from the beginning of time to present." *Id.* Plaintiff requests a trial with the "possibility of formal charges," though the actual civil relief plaintiff seeks is completely unclear. *Id.*

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff fails to raise any federal question. He also fails to satisfy the burden to establish diversity jurisdiction. Therefore, this case will be dismissed for want of subject matter jurisdiction, and plaintiff's motion to appoint counsel is denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: October __16__, 2018        United States District Judge